UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> ANDY BADENOCK, § <br>     Defendant. § | Criminal No. 4:18-CR-405 |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND 28 U.S.C. § 2255 PETITION DEADLINE AND MOTION TO COMPEL

The United States files this response in opposition to Defendant Andy Badenock's pro se Motion for Extention [sic] of 28 U.S.C. § 2255 Petition Deadline (DE 460[1]) and Motion to Compel Defense Counsel to Surrender Case File (DE 459). Both motions should be denied. First, this Court lacks jurisdiction to grant Badenock's motion to extend the § 2255 deadline. Second, there is no factual or legal justification for the motion to compel.

---

[1] "DE" citations refer to the numbered docket entries in Criminal Case No. 4:18-CR-405.

I.   **Background.**

In July 2018, Badenock was indicted for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(ii).  (DE 1).  A jury found him guilty after a four-day trial.  (DE 268-1).  This Court sentenced Badenock to 120 months in prison and five years of supervised release.  (DE 380).

On direct appeal, Badenock argued in a counseled brief that he was denied his constitutional rights because of pre-indictment delay.  *United States v. Badenock*, No. 21-20468, 2024 WL 550331, at *1 (5th Cir. Feb. 12, 2024) (unpublished).  The Fifth Circuit affirmed this Court's judgment.  *See id.*  Badenock did not seek certiorari in the Supreme Court.

On February 18, 2025, Badenock filed a motion in this Court for an order compelling his defense counsel to surrender counsel's "complete case file to this Defendant as it pertains to Defendant's criminal case." (DE 459, p. 3).  Badenock claimed he needed the file to prepare a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  (DE 459, p. 1).

On May 5, 2025, Badenock filed in this Court a motion asking the Court to extend the deadline for filing a § 2255 motion. (DE 460). He asked for an extension of 90 days to file a § 2255 motion and permission to exceed the page limit by 15 pages. (DE 460, p. 2). This Court ordered the United States to respond to Badenock's motions. (DE 461).

## II.   This Court lacks jurisdiction over Badenock's request to prospectively extend his time to file a § 2255 motion.

The judicial power of federal courts, as established by Article III of the Constitution, extends only to "cases" or "controversies." U.S. Const. art. III; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The existence of federal jurisdiction, therefore, "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation and brackets omitted). Where a movant has not yet filed an actual § 2255 motion, there is no case or controversy to be heard, and any opinion a court might prospectively render on the timeliness of a § 2255 motion that might later be filed would be merely advisory. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000).

Based on these principles, the Second Circuit held in *Leon* that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *Id.* The Fifth Circuit has repeatedly relied on *Leon* to conclude that federal district courts lack jurisdiction to entertain prospective motions to extend the time to file a § 2255 motion because such extension motions present no case or controversy and would result in advisory opinions. *See, e.g.*, *United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (unpublished) ("The district court lacked jurisdiction to entertain [the] motion for an extension of time to file a § 2255 motion.") (citing *Leon*, 203 F.3d at 163); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (unpublished) ("'[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.'") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919, 2003 WL 1111561, at *1 (5th Cir. 2003) (unpublished) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted). Nothing warrants a different conclusion here.

Badenock has not filed a § 2255 motion, but instead he asks this Court to grant him an additional 90 days to file a § 2255 motion and implicitly asks this Court to hold that a § 2255 motion filed within such a window is timely. (*See* DE 460). For the reasons set forth in *Leon* and adopted by the Fifth Circuit in the persuasive opinions cited above, this Court lacks authority to grant that relief which is, in essence, a prospective extension of § 2255's one-year statute of limitations. "If or when [Badenock] actually files a § 2255 [motion], . . . this [C]ourt may consider his argument that such a [motion] should be considered timely. Until then, [it] lack[s] jurisdiction to consider the matter." *Leon*, 203 F.3d at 164. Badenock's motion, accordingly, should be denied.

### III. The motion to compel lacks legal and factual support.

Badenock's motion to compel seeks an order compelling his former defense counsel to provide him with counsel's case file. (DE 459). He asserts that he needs the file because he intends to file a motion under 28 U.S.C. § 2255 at some unspecified future date. (DE 459, p. 1). Badenock's motion is improper, and his conclusory assertions fail to show entitlement to relief.

In support of his motion, Badenock relies on a handful of cases, including a dissenting opinion in the Supreme Court, where parties sought their attorneys' case files for use in pending proceedings. (DE 459, p. 2 (citing *Maxwell v. Florida*, 479 U.S. 972 (1986) (Marshall, J., dissenting); *Spivey v. Zant*, 683 F.2d 881 (5th Cir. 1982); *United States v. Dorman*, 58 M.J. 295 (C.A.A.F. 2003), and *Hiatt v. Clark*, 194 S.W.3d 324 (Ky. 2006)). Here, there is no § 2255 motion or any other proceeding pending in this Court. *See United States v. Davis*, No. 4:17-CR-264-O, 2019 WL 7987814, at *1 (N.D. Tex. Nov. 27, 2019) (denying similar motion to compel and distinguishing the identical authority cited in Badenock's motion).

District courts around the Fifth Circuit have routinely denied motions similar or identical to Badenock's motion because there were no fact issues pending. *See, e.g., id.* (finding "there is no petition pending and there are no fact issues for this Court to resolve"); *see also United States v. Keelen*, No. CR 14-131, 2024 WL 278920, at *2 (E.D. La. Jan. 25, 2024) (where no § 2255 motion was pending and there were no fact issues to resolve, motion to compel surrender of counsel's case file lacked "sufficient legal justification"); *United States v. Lewis*, No. CR 17-055,

2022 WL 17573899, at *2 (E.D. La. Dec. 9, 2022) ("Defendant has not asserted any dispositive fact issue entitling him to a court order[.]"); *cf. United States v. Johnson*, No. 1:21-CR-48-TBM-RHWR, 2025 WL 350247, at *13 (S.D. Miss. Jan. 30, 2025) (similar).

As the *Davis* Court explained, "[a]bsent a pending question of fact for which the attorney's case file is material to resolution of the question, the issue of a client's request for attorney's case file is a matter that should be resolved between the attorney and client, not in federal court." *Davis*, 2019 WL 7987814, at *1.

Here, as in the above cases, Badenock has not filed a § 2255 motion, and there are no fact issues presently pending before this Court for resolution. Badenock has presented no factual or legal justification for his motion to compel. *See also, e.g., United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 2014) (unpublished) (affirming district court's denial of motion to compel attorney to produce entire case file to movant in a § 2255 proceeding); *United States v. Smith*, No. 1:03-cr-194, 2012 WL 6628676, at *14-15 (W.D. Mich. Dec. 19, 2012) (denying motion for order to former counsel to produce items because the motion lacked sufficient factual or legal justification); *United States v. Tuggle,* 2009 WL 2020846,

at *2 (S.D. Ill. July 9, 2009) (denying post-judgment motion to compel attorney to provide documents from file for lack of jurisdiction). The motion to compel should be denied.

## IV. Conclusion.

Badenock's motion to extend the period for filing a 28 U.S.C. § 2255 motion (DE 460) and his motion to compel (DE 459) should be denied.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

/s/ *John A. Reed*
John A. Reed
Assistant United States Attorney
1000 Louisiana Street, Ste. 2300
Houston, TX 77002
Texas Bar No. 24061006
SDTX Bar No. 2573166
(713) 567-9102

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2025, a copy of the United States's Response to Defendant's Motion to Extend 28 U.S.C. § 2255 Deadline and Motion to Compel was filed with the Court via ECF and was mailed by certified mail, return receipt requested, to Defendant's address of record, which is:

> Andy Badenock
> Reg. No. 53883-479
> FCI Victorville Medium I
> Federal Correctional Institution
> P.O. Box 3725
> Adelanto, CA 92301

>> /s/ *John A. Reed*
>> John A. Reed
>> Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> ANDY BADENOCK, § <br>     Defendant. § | Criminal No. 4:18-CR-405 |

## **ORDER**

Upon consideration of the Defendant's Motion to Compel Defense Counsel to Surrender Case File in Subject Matter to the Defendant of this Case (Docket No. 459) and Motion for Extention [sic] of 28 U.S.C. § 2255 Petition Deadline (Docket No. 460), and the United States' Response thereto, the

Motion to Compel Defense Counsel to Surrender Case File in Subject Matter to the Defendant of this Case (Docket No. 459) is DENIED, and

Motion for Extention [sic] of 28 U.S.C. § 2255 Petition Deadline (Docket No. 460) is DENIED.

 

_____
Sim Lake
United States District Judge