1 of 9

United States District Court for the
Southern District of Texas (Houston Division)

United States Courts
Southern District of Texas
FILED
OCT 24 2025
Nathan Ochsner, Clerk of Court

Andy Badenock - (petitioner)

v.

United States of America - (Respondent)

Civil Action # H-25-3158
Crim # - 4-18-CR-405-5

\*Motion to Alter or Amend Judgement pursuant to Fed. R. Civ. P. 59(e)\*

\*Introduction\*

Comes Now Petitioner Andy Badenock pro-se pursuant to federal rule of Civil Procedure 59(e) respectfully moves the Court to alter or amend the judgement entered in this Case on Sep. 18th, 2025, which dismissed petitioner's 28 U.S.C. §2255 petition as time barred. This Motion is timely filed within 28 days after entry of Judgement. In Support, Petitioner states as follows:

RELIEF REQUESTED

1) Petitioner requests that the Court vacate its Sep. 18th, 2025 Judgement and either (A) permit Petitioner's §2255 petition to proceed on the merits; (B) grant leave to treat petitioner's response to the Government's Motion to dismiss (and the factual materials thereto) as an amendment to the Petition under Fed. R. Civ. P. 15(a), and reopen briefing so the Government may respond to the newly submitted tolling evidence; and or (C) acknowledge and address Petitioner's Actual & factual innocence argument under Schlup v. Delo 513 U.S. 298 (1995) that is immune to time limitations under 28 USC. §2255(f).

\*Relevant Procedural Facts & Timeline\*

2) After the Government filed its Motion to dismiss as time barred, Petitioner discovered and promptly disclosed additional material factual evidence relevant to timelyness and equitable tolling including (A) a statement of fact, testifying to the time of actual delivery of the notice of the Court of Appeals Judgement in accordance with Houston v. Lack, (B) Hospital admission tag and Wheel Chair

\*<u>Relevant Procedural facts and timeline. Con't</u>\*

Crono showing Petitioner was incapacitated and confined to a wheel chair for at least 45 days (C) Proff of additional paralleling legal proceedings that added to his pro-se litigation load (D) Reports of additional lockdowns and an in-depth explanation of how they prevented timely filing of the petition.

\*<u>Grounds for Relief Under Rule 59(e)</u>\*

Rule 59(e) permits alteration or amendment of a judgement to correct manifest errors of law or fact, to consider new evidence, or prevent manifest injustice. See <u>Templet v. Hydro Chem inc</u>, 367 F.3d 473 (5th Cir 2004); <u>Fed. R. Civ. P. 59(e)</u>. The Courts dismissal on timelyness grounds constitutes an equitable, fact sensitive decision in which the Court must consider whether equitable tolling applies. <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010); <u>Pace v. DiGulielmo</u>, 544 U.S. 408, 418 (2005). Under rule 59(e) it is appropriate to allow the Court to consider the additional evidence and grounds for tolling articulated & exhibited in petitioners response to Governments Motion. Alternatively the Courts should have permitted amendment or treated the reply as an amendment under <u>Fed. R. Civ. P. 15(a)</u>. "Leave to Amend should be freely given unless there is a showing of undue delay, bad faith, undue prejudice, or futility. <u>Foreman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Fed. R. Civ. P. 15(a)(2)</u> Petitioner's delay was not dilatory but caused by extraordinary circumstances outside of his control (lockdowns, hospitalization, late notice, paralleling legal proceedings). Denying consideration of the newly submitted tolling evidence without allowing the government an opportunity to respond or without treating the reply as an amendment prejudiced petitioner and prevented a full and fair equitable tolling determination. When a court considers timelyness on the basis of facts not previously presented, basic fairness requires notice and an opportunity to respond. <u>Day v. McDonough</u>, 547 U.S. 198, 210 n.11 (2006), See also <u>Fed R. Civ. P. 6(b)</u> (the Court may, for good cause extend any applicable time period. e.g. Extending briefing schedules to allow consideration & response to new found relevant information).

\*<u>Grounds for Relief Under Rule 59(e) Con't</u>\*

By dismissing an appeal and refusing to consider new and compelling tolling events that were timely submitted, simply because of an inmates miscalculation of a complexed multiprong jurisprudence calculation is in itself the definition of holding a Pro-se "inmate" to the standard of an Attorney; an act that frustrates the intentions of the Supreme Courts ruling that Pro-se litigant's filings should be construed liberally. <u>Haines v. Kerner, 404 U.S. 519 (1972)</u>. The Court should therefore exercise its discretion to grant rule 59(e) relief to permit adjudication of the petition on a complete record and to prevent "manifest injustice".

\*<u>90 day Certiorari DEADLINE Tolling Reasoning and Situational Application</u>\*

The 90 day deadline for filing a writ of Certiorari is codified under <u>Supreme Court rule 13.1 and 13.3</u> along with the authorizing statute <u>28 U.S.C. § 2101(c)</u>. This practice and principle is strictly enforced when it comes to "unconfined" petitioners and those represented by counsel. However, the Supreme Court's landmark ruling in Houston v. Lack, made a judicial recognition of an inmates unique status, where access to the courts is entirely mediated by their custodians. This "absolute dependancy" was recognized as a "loss of control" that necessitates a flexable definition of their filing and notice dates. See <u>Houston v. Lack, 487 U.S. 266 (1988)</u>; <u>Fed R. App. P. 4(e)</u>; <u>Fed R. App. P. 25(a)</u>. Because of the Supreme Courts reasoning and practices, it is most likely that in this matter they would find it appropriate to calculate the 90 day deadline for requesting certiorari from the date of actual service of judgement on the inmate, consistant with the "Prison Mail Box Rule"; or alternatively would find the late notice, extraordinary circumstances that were out of the inmates control, and qualified for tolling under Holland v. florida. Either way a reasonable juror could debate this and would agree with these findings, as it is a reasonable deduction supported by precedent and supreme court practices. In addition to the aforementioned, the Supreme Court's decision in <u>Parrish v. United States</u> mandates a practical non punative approach

\* **90 Day Certiorari Deadline Con't** \*

to filing deadlines for inmates deprived of Notice. This recent decision further provides Compelling Support for the Principle that procedural deadlines should not be weaponized Against pro-se inmates who are deprived of timely notice by the Circumstances of their incarceration." The State Cannot deprive a person of rights without providing adequate notice and an opportunity to be heard". See <u>Fuentes V. Shevin, 407 U.S. 67 (1972)</u>. The Fifth Circuit has also recognized that a delay in giving an inmate a notice of Action is a delay that "easily Satisfies" the "extraordinary Circumstance" element of the Holland test. See <u>Jackson V. Davis</u> (the Court reversed the district Courts denial of equitable tolling in an 18 month notice Delay). In the Paris ruling, the Supreme Court reversed the 4th Circuit in an 8-1 decision. Justice Sotomayor writing for the Majority emphasized that "Procedural rules should be applied with practicality and fairness". As Articulated in Petitioners response to the Government he did not get the Courts notice untill after March 11th 2024, he was in the Hospital from Feb. 24th to March 8th 2024, then was Confined to A Wheel Chair for a Month thereafter. The Practice of giving inmates their legal mail Late (if At All) was a normal procedure at this prison until recently (see exhibit A Late Delivery of legal mail Memos from petitioner and other inmates). <u>Fed R. App. P. 36(b)</u> requires the Clerk of the Courts to serve notice of A Judgement on all parties on the Judgement date. When Prison officials unquestionably state actors delay or prevent the delivery of that Notice, "they frustrate the Constitutional Purpose of the rule". Parrish demonstrates that the Supreme Court will look pass the rigid text of A filing deadline to the Practical effect of A notice failure on an inmate's fundamental right. So if the Supreme Court would have tolled the Certiorari deadline to the date of notice, and the Circuit Court of Appeals for the Fifth Circuit in Jackson v. Davis Concurs, then the District Court should reasonably do the Same and Count the Certiorari 90 day deadline from the date of notice as it is strongly prescribed in this Situation.

**Additional lock down days**

Between the end of March 2024 and April of 2025 this facility where Petitioner is held was on lock down for 98 days this newly aquired memorandum (see exhibit B) along with the documented May 16th - June 11th 26 day lock down is a total of 124 days that Petitioners ability to research, draft, and prepare was impeded. As Articulated in the response to governments motion to dismiss DE (docket entry) 480, Pages 7-10 (believing ones Counsel is inefective is not enough & showing of Diligence headings) These lock downs (many of which seperated the petitioner from his personal research materials, ie. notes early & Petition drafts as the prison some times require inmates to request access to their own legal Bins) at times make it impossible for even the most diligent inmate to work on their petition. And this Petitioner was simultaniously engaging two different generes of Judicials during this time (And still is). These Circumstances were Clearly out of petitioners Control, And as highlighted in the original prison Memo (26 day memo); Petitioner was not in posession of His legal material including the Actual 2255 petition & supporting memorandum of law. So even though it was Complete one Cannot mail a document that is not in his posession especially during an extended lockdown. These Circumstances squarely meet the tolling prongs of Holland v. florida. This additional information and documentation along with the articulated rational and tolling documents in Petitioners response to Governments Motion to dismiss (SEE DE. 480), Cumulatively even more so meet the bar for tolling under Holland v. florida, And any reasonable Juror would find this debateable.

 -!- Memorandum (Exhibit B) Has been requested again if not recieved on time Petitioner will send later as an adendum -!- Or the Court is more than welcom to supena the records from the prison as the days have been verified by the education dep't.

Memo is included !!!

## Actual Innocence Warrants Relief Without Tolling

Petitioner Raised Actual Innocence argument again in his response to Government (DE. 480 Pg 11, government misconduct is a government impediment Heading) as he did in his 2255 Petition (Cannot Conspire with a CI Heading). Petitioner's Clear Argument of Actual innocence under Schlup v. Delo, 513 U.S. 298 (1995) Serves as a gateway through which this Court can and must review his underlying Constitutional Claims and grant relief to present a "Quintessential Miscarrage of Justice". This procedural vehicle allows a petitioner to overcome procedural bars (such as the Statute of Limitations under 28 U.S.C. 2255(f)) to have his underlying Constitutional claims heard on the merits. To establish a gateway claim of Actual innocence a petitioner must present reliable evidence that was not presented at trial. He must show that in light of this new evidence, "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt". Besides the fact that the Dicksons Admitted to petitioner that they were working with the D.E.A. in December of 2015; Deon Dickson while on the stand was told by the Prosecutor he began "WORKING" to help himself around February of 2016 and Mr. Dickson Corrected him saying He began working in December of 2015 (see ROA 777, 1-11). There is nothing more straight foward than this; a Confidential informant admitting he was working as a Government agent and not a Criminal Conspirator during the only event (Dec. 30th 2015) that is the Cornerstone of the grand Jury indictment & the Jury's vote to Convict. Then you have an Actual feild report that was mistakenly read by appointed defense Counsel on the record from the D.E.A. regarding a Dec. 3rd 2015 event that Clearly mentions 3 people Deon Dickson, Seon Guy and a Confidential source in a Hotel room together (see ROA, 863, 4-22). There were in fact 3 people in that hotel room, as the report said the C.S. Collected the money, and that was none other than Regina Dickson (see ROA 684, 13-16), who was seen that Day

\* <u>Actual innocence warrants relief without tolling con't</u> \*

Speaking with Agent Tim Reichenbach at the very same hotel. The suppressed information that Both Dicksons were actually CI's and not conspirators is not merely cumulative or impeaching; it fundamentally alters the evedentiary landscape and dismantles the Governments entire case. These facts were known by the Government and ignored by Defense Counsel. The Prosecution has an absolute, afirmative duty to disclose all material evidence that is favorable to the Accused, whether it is esculpatory or could be used for impeachment. This rule established in <u>Brady v. Maryland, 373 U.S. 83 (1963)</u>, and extended to impeachment evidence in <u>Giglio v. United States, 405 U.S 150 (1972)</u> is a cornerstone of due process. This showing satisfies the requirement of <u>Bousley v. United States, 523 U.S. 614 (1988)</u>, that a petitioner demonstrate "factual innocence not merely legal insufficiency". Petitioner is not arguing that the Government failed to prove a technical element of the case. He is arguing that all of the facts upon which Government case was built is false. The alleged conspiracy with a fellow criminal did not as a matter of fact, occur. In its place was a government-orchestrated opperation targeting petitioner. Confronted with this reality, it is more likely than not that no reasonable, "properly instructed Juror" would have voted to convict of conspiracy beyond a reasonable doubt. The Conviction is a Manifest injustice and petitioner must be Permitted to pass through the Schlup gateway to have his Meritorious Constitutional Claims adjudicated and his wrongfull Conviction overturned.

\* <u>Conclusion</u> \*

Under Holland equitable tolling requires (1) extraordinary circumstances beyond the Petitioners Control and (2) diligence in persuing his claims. <u>Holland, 560 U.S at 649, 51</u>. The frequent long standing lockdowns, medical emergency, late Notice from the Court and paralleling immigration proceedings are when put together extremely extraordinary circumstances preventing timely filing; the proof of immidiate mailing upon regaining access to the Petition (See Exhibit C), Shows

## *Conclusion*

Petitioner was diligent (25 page Memorandum of law in support of §2255 petition) but was impeded by the lock downs. Petitioner's Pro-se status also warrants liberal construction of his filings and increased latitude in Amendment. Haynes V. Kerner, 404 U.S. 519, 520-21 (1972). The Court should not deny a pro-se litigant a meaningfull opportunity to have the equity of his tolling contentions tested on the record. Being that this Court ruled that they would not consider the new arguments, rational or exhibits in (DE 480) Petitioners response to the Government. We ask this honorable Court through this Petition, and in the interest of fair and equitable adjudication of this matter; to now treat Petitioners response to the Governments motion to Dismiss, attached exhibits and articulated legal reasoning theirin as an amended petition under Fed. R. Civ. P. 15(a), and the additional information and reasoning set forth in this motion under rule 59(e). Petitioner further asks that this Court reopen the breifing schedule and afford the Government time to file any supplimental response addressing newly submitted tolling evidence that they did not have an opportunity to address previously and allow Petitioner to give an additional reply if need be. Petitioner also requests that the Court consider the Prison Mail Box rule (Houston v. Lack 487 U.S. 266 (1988)) in determining filing dates and accept petitioners sworn declaration as evidence of incoming legal mail delivery dates. Petitioner's final Prayer is that this honorable Court also address his Actual innocence argument on its Merits.

For the foregoing reasons, and to prevent manifest injustice and to allow the Court to fully and fairly adjudicate Petitioners 2255 claim on the Merits or, at a Minimum, to resolve the timelyness question on a "Complete record", Petitioner respectfully request that this Court grant this Motion to Alter or Amend Judgement under Fed. R. Civ. P. 59(e), Vacate the September 18th 2025 Judgement, Accept all newly submitted tolling evidence and provide the requested relief.

## Statement of fact (Sworn statement)

The notice of the District Courts underlying Judgement in this Matter (Dismissing §2255 Appeal As time barred) was delivered on Sep. 24th 2025 and its opinion on Sep 25th 2025.

by: Andy Badenock - 53883-479
Victorville FCI-1 Medium
Federal Correctional Institution
P.O. Box 3725
Adelanto, CA 92301

Submitted on this Day
October 15th 2025

## Certificate of Service

A Copy of this Motion to Amend or Alter Judgement pursuant to Rule 59(e) and All exhibits Herein, was Deposited into the Prison Mail System in Accordance with Houston V. Lack addressed to the U.S. Attorney's office for the Southern district of Texas, 1000 Louisiana, Suite 2300 Houston Texas 77002. on October 15th, 2025, Along with this Copy that was mailed to the Court the Same day (october 15th 2025)

Date: October 15th, 2025    By: Badenock

These documents in this Exhibit are included as evidence that the prison gives late notice (if at all) on behalf of the Courts.

# EXHIBIT-A

EXHIBIT A-1A & A-1B — Notice of BIA Briefing Schedule and Memo showing the prison did not give notice untill almost 2 months later

EXHIBIT A-3 & A-4 — two separate memos showing an inmate never even got his notice on two different Occasions.

A-1A

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg, Suite 2000
Falls Church, Virginia 22041

BADENOCK, ANDY CLYNT
A099-101-577
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTI
P.O. BOX 3725
ADELANTO, CA 92301

DHS/ICE OFFICE OF CHIEF COUNSEL - ADL
10250 RANCHO ROAD
Adelanto, CA 92301

Name:
BADENOCK, ANDY CLYNT

A 099-101-577

Type of Proceeding: Removal

Date of this notice: 5/13/2025

Type of Appeal: Case Appeal

Filed By: Alien

## NOTICE -- BRIEFING SCHEDULE

o  Enclosed is a copy of the decision of the Immigration Judge. If you are receiving this notice electronically, the Immigration Judge's decision is viewable online in the electronic record of proceedings.

o  Enclosed is a copy of the transcript of the testimony of record. If you are receiving this notice electronically, the hearing transcript is viewable online in the electronic record of proceedings.

o  Appealing party is granted until 6/3/2025 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

o  Opposing party is granted until 6/3/2025 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

o  Briefing schedule reset due to returned mail.

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board of Immigration Appeals (Board or BIA) may summarily dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are the respondent/applicant and you received this notice, you are not represented by an attorney or accredited representative. An attorney or accredited representative must file a Notice of Entry of Appearance (Form EOIR-27) to represent you. 8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g). Until a Form EOIR-27 is received, you are responsible for submitting a brief, and any submissions by anyone other than you will be rejected.

FILING INSTRUCTIONS -- In General.

IMPORTANT: Briefs and other submissions should always be paginated. Parties should limit



U.S. Department of Justice

Federal Bureau of Prisons

FCC Victorville

Exhibit
A-1B

Victorville, California  92394

July 14, 2025

MEMORANDUM TO WHOM IT MAY CONCERN

FROM:   R. Marin, Unit Manager

SUBJECT:   Late Appeal Filing

Please be advised that inmate Badenock, Andy Reg. No. 53883-479 did not submit his case appeal timely due to return mail then received it on July 1, 2025. Inmate Badenock would now like to continue his appeal without delay.

If you have any questions or concerns, please do not hesitate to contact me at (760)246-2400.



EXHIBIT "A"-3

**Federal Bureau of Prisons**

**Federal Correctional Complex**

Office of the Unit Manager

Victorville, California

October 27, 2024

**MEMORANDUM FOR BOARD OF IMMIGRATION APPEALS**

**FROM:**  *A. Warren* (signature)
A. Warren, Unit Manager
FCI I Victorville

**SUBJECT:** Late Filing of Immigration Appeal Case
AIC Gebre, Samuel Reg #26050-510

Be advised that Adult in custody Gebre, Samuel Register No. 26050-510 has not received his briefing schedule, or any other matters pertaining to his immigration appeals from the BIA. AIC Gebre would now like to submit his appeal without delay.

If you have any further questions, please feel free to contact me at 760-246-2400.

Exhibit A-4

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**

---

*Office of the Unit Manager*                                            *Victorville, California*

July 8, 2025

**MEMORANDUM FOR BOARD OF IMMIGRATION APPEALS**

*A. Warren*

**FROM:**        A. Warren, Unit Manager
                 FCI I Victorville

**SUBJECT:**     Late Filing of Immigration Appeal Case
                 AIC Gebre, Samuel Reg #26050-510


Be advised that Adult in custody Gebre, Samuel Register No. 26050-510 has not received his briefing schedule, or any other matters pertaining to his immigration appeals from the BIA. AIC Gebre would now like to submit his appeal without delay.

If you have any further questions, please feel free to contact me at 760-246-2400.

# EXHIBIT B

New Memo showing additional lockdown instances



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Complex

---

*Office of Unit Management*   *Victorville, California 92301*

October 15, 2025

**MEMORANDUM TO:** TO WHOM IT MAY CONCERN

**FROM:** R. Marin, Unit Manager

**SUBJECT:** Lockdown Days

From the end of March 2024 thru April 2025, we had approximately 98 modified operation days. If you have any questions, you can reach me on 760-246-2400.



Proof of Prompt Mailing of §2255 petition and Memorandum of Law in Support.



Andy Badenock - 53883-479
Victorville FCI #1- Medium
Federal Correctional Institution
P.O. Box 3725
Adelanto CA 92301




United States District Court for
Southern District of Texas (Houston Divis)
Att: Clerk of the Courts
Post office Box 61010
Houston, Texas 77208